SARAH E. TICE et al., Appellants, v. A. T. HAMILTON et al., Respondents.

St. Louis Court of Appeals, April 15, 1902.

Court of Appeals: JURISDICTION: TITLE TO REAL ESTATE, TRANSFERRED TO SUPREME COURT. An unsuccessful defendant in ejectment sued for the value of improvements, obtained judgment and was permitted to retain possession until his judgment was paid. He sold the premises on an execution for costs and purchased the same. A party who had a deed of trust on the property sold it under that instrument. Plaintiff, Sarah E. Tice, purchased at the trustee's sale and brought a suit for an accounting as to the waste committed on the premises and to recover possession from Hamilton. *Held,* that title to real estate was involved and the jurisdiction belongs to the Supreme Court, to which court the case is ordered transferred.

Tice v. Hamilton.

Appeal from Texas Circuit Court.—*Hon. Leigh B. Woodside,* Judge.

TRANSFERRED TO THE SUPREME COURT.

No briefs.

PER CURIAM.—The purpose of this suit is to have an accounting for waste alleged to have been committed by defendants on a tract of land which the plaintiff, Sarah E. Tice, claims to own, to have the amount of said waste when ascertained offset against a judgment obtained about ten years ago by defendant, Frank Fleming, against Perry G. Tice, and that the defendant, "A. T. Hamilton, be ordered and decreed to deliver up to plaintiff the possession of said premises free and clear of claims on the same and of all liens and incumbrances thereon."

To make the case intelligible it should be stated that the petition alleges that in 1889, Perry G. Tice recovered judgment in ejectment against Frank Fleming for the land in controversy, and on the same date the judgment was rendered, Fleming instituted a suit in the circuit court of Texas county, where the original ejectment suit was brought, to recover the value of his improvements on the premises. On the same day, Perry G. Tice executed a deed of trust on the premises to I. N. Vance, to secure a note for sixty dollars payable to A. H. Livingston and J. D. Young. These transactions, to-wit, the judgment in ejectment against Fleming, the institution of the suit to recover the value of his improvements by the latter, and the execution of the aforesaid deed of trust, all occurred on the twenty-second day of May, 1889, as the bill or petition states. Fleming recovered judgment for three hundred and fifty dollars as being the true value of his improvements, on the twenty-second day of November, 1889, and the costs not being paid an execution was issued on said

judgment, the premises sold on the twenty-seventh day of May, 1890, purchased by Fleming and by mesne conveyances passed to defendant Hamilton. It was also adjudged in said suit instituted by Fleming that he retain possession of the premises until the value of the improvements was paid to him and that he recover his costs expended in said suit.

In the meantime, either Fleming, or some one claiming under him, has been constantly in possession of the premises.

The note secured by the deed of trust was not paid, and on the twenty-eighth day of November, 1899—that is to say, more than ten years after the execution of the same—the premises were sold at public vendue by the sheriff of the county as successor of the trustee, and bought by Sarah E. Tice, who thereafter filed this bill for an accounting as to the waste committed on the premises, and to recover the possession thereof from Hamilton as aforesaid.

The circuit court sustained a demurrer to the petition, and plaintiffs refusing to plead further, final judgment was rendered on the demurrer.

It would not be difficult to dispose of this cause if we had jurisdiction, but in our opinion the title to real estate is clearly involved and the jurisdiction belongs to the Supreme Court, to which court we order the case transferred. The transcript of the record contains no order or entry to show that an appeal was allowed to this or any other court, except one which is as follows, omitting caption:

"The affidavit heretofore filed in this case is taken up, argued and by the court allowed and sent to the St. Louis Court of Appeals."

The affidavit itself is not contained in the record, nor is the order of the court granting the appeal; but perhaps those defects can be cured.